United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10130
Summary Calendar

JOSEPH DINGLER,

Plaintiff-Appellant,

versus

JIM BOWLES, Dallas County Sheriff;
ROBERT FRANCIS, District Court Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2093-G
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Joseph Dingler, Texas inmate #1192066, moves pro se for leave to proceed in forma pauperis ("IFP") in his appeal of the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. Dingler's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Dingler's motion for emergency injunctive relief is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dingler contends that he is alleging municipal liability and that he sued the policymakers. He asserts that his complaint is being held erroneously to a heightened pleading standard that was rejected by the Supreme Court. He argues that he is a member of a class that is disfavored by society and that he has been shut out of court by "persistent official acts of the district court" that are motivated by political agenda, conspiracy, the upcoming election, and partisan favoritism.

Dingler does not challenge the findings and conclusions adopted by the district court in its certification order. He does not identify any error in the district court's reasons for the dismissal of his 42 U.S.C. § 1983 complaint.

Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. CIV. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). When an appellant fails to identify any error in the district court's reasons for dismissing his complaint, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dingler has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on

appeal.  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).
Accordingly, the motion for leave to proceed in forma pauperis is
DENIED and the appeal is DISMISSED as frivolous.  Baugh, 117 F.3d
at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's
dismissal of Dingler's complaint as frivolous count as strikes
under the Prison Litigation Reform Act.  Adepegba v. Hammons,
103 F.3d 383, 387 (5th Cir. 1996).  Dingler is CAUTIONED that if
he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will
not be able to proceed in forma pauperis in any civil action or
appeal filed while he is incarcerated or detained in any facility
unless he is under imminent danger of serious physical injury.
28 U.S.C. § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; MOTION FOR EMERGENCY
INJUNCTIVE RELIEF DENIED; APPEAL DISMISSED; SANCTION WARNING
ISSUED.